FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 10 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CLEON WOODLEY,

                Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 1877 (BMC)

**COGAN**, District Judge.

    In this action under 42 U.S.C. § 1983, plaintiff alleges embarrassment, psychological injury and the treatment costs from it, and potential exposure to gang revenge attacks as a result of the New York Police Department's posting of a "WANTED" poster, accusing him of murder. The complaint does not allege that plaintiff was arrested, or subpoenaed before a grand jury, or that defendants inflicted a tangible loss upon him. It is undisputed that none of those things happened. Defendants have moved to dismiss on the ground that intangible injury arising from defamatory statements by a public official do not constitute a due process violation. Plaintiff has not opposed the motion, despite extensions of time to do so.

    The Second Circuit has made it clear that to give rise to a claim for a due process violation under § 1983, state officials must do more than simply make statements that stigmatize a plaintiff. See Patterson v. City of Utica, 370 F.3d 322, 329-30 (2d Cir. 2004). What is required is that in addition to the defamatory statements, the officials take some action that results in a loss of tangible due process rights. This is known as "stigma-plus." See, e.g., Sadallah v. City of Utica, 383 F.3d 34 (2d Cir. 2004). Stated otherwise, neither defamatory

statements nor the possible consequences that flow from them are actionable as a due process violation; some further action must combine with those statements to rise to a level that impairs a plaintiff's liberty or property interests. These "plus" factors may include depriving a plaintiff of his property, Greenwood v. New York, Office of Mental Health, 163 F.3d 119, 124 (2d Cir. 1998), or the termination of a plaintiff's government employment, Patterson, 370 F.3d at 330, or direct interference with a plaintiff's business, WMX Techs., Inc. v. Miller, 197 F.3d 367, 375 (9th Cir. 1999).

Consequences from a defamatory statement, however, even if they flow directly from it, cannot constitute a due process violation. In Sadallah, for example, plaintiffs leased City property to operate a club and restaurant. The City made disparaging public comments about the cleanliness of the restaurant. Plaintiffs sought recovery under § 1983, alleging that as a result of the City's defamatory statements, their business had suffered a loss of goodwill, and customers were discouraged from patronizing the business, causing plaintiffs economic harm. The Second Circuit rejected the claim:

> [D]eleterious effects [flowing] directly from a sullied reputation, standing alone, do not constitute a "plus" under the "stigma plus" doctrine . . . .
>
> These harms . . . are not in addition to the alleged defamation, but rather are direct deleterious effects of that defamation. Absent an additional deprivation of a legal right or status, such as the revocation of their lease, plaintiffs have not alleged a "plus" sufficient to sustain a "stigma plus" claim.

Id. at 38-39 (internal citations and quotations omitted).

Similarly, in Cassidy v. Scoppetta, 365 F. Supp. 2d 283 (E.D.N.Y. 2005), New York City firefighters sued as a result of a Fire Department policy of reassigning firefighters who were deemed to have taken excessive medical leave. The plaintiffs contended that such reassignments caused them reputational and emotional injury, but the Court found those injuries insufficient to satisfy the "plus" component of the stigma-plus test. "Plaintiffs have alleged nothing in addition

to their injury to 'reputation, honor and emotional well-being' – all synonymous either with stigma or the consequences flowing naturally therefrom – that would satisfy the 'plus' requirement, and the Court can find none." Id. at 288-89 (citation omitted).

Under these and other authorities, plaintiff has failed to state a claim upon which relief can be granted under § 1983. All that plaintiff claims is that he was emotionally injured as a result of the posting of the "wanted" poster. There is no allegation that defendants did anything beyond publishing the poster. Yet some additional action must combine with the publication to deprive plaintiff of his liberty or property interests for him to have a due process claim.

Although plaintiff has not opposed defendants' motion, the Court has considered *sua sponte* whether the defect in this complaint could be cured by amendment. At the initial status conference, plaintiff's counsel candidly acknowledged that there is neither tangible injury nor any conduct beyond publishing the poster that could be attributed to defendants. Leave to amend therefore would be futile. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87-88 (2d Cir. 2002).

The complaint is unclear, however, as to whether plaintiff has attempted to plead any state law defamation claims in addition to his federal claims. To the extent he has any claims under state law, the Court declines to exercise supplemental jurisdiction over them. See E & L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 33 (2d Cir. 2006) (citations omitted); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001).

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff's federal claims are dismissed with prejudice, and his state law claims are dismissed without prejudice. The Clerk of the Court is directed to enter judgment.

**SO ORDERED.**                                    /s/(BMC)

                                                   _____
                                                   U.S.D.J.

Dated: Brooklyn, New York
       August 10, 2009